USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY A/S/O SMITH AFFILIATES MANAGEMENT CORP. D/B/A SAMCO PROPERTIES<br><br>Plaintiff(s),<br><br>v.<br><br>BROAN-NUTONE, LLC<br><br>Defendants. | 1:20-Civ.01292 (VM)<br><br>**DISCOVERY CONFIDENTIALITY ORDER AND STIPULATED NON-WAIVER AGREEMENT** |
| HARTFORD FIRE INSURANCE COMPANY A/S/O TCC GROUP, INC<br><br>Plaintiff(s),<br><br>v.<br><br>BROAN-NUTONE, LLC<br><br>Defendants. | |

A party to this action has moved that the Court enter a Discovery Confidentiality Order and Stipulated Non-Waiver Agreement. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.** All materials produced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means: (a) information protected from disclosure by statute; (b) information that reveals trade

1

secrets; (c) research, development, technical, commercial or financial information that the party has maintained confidential, including information related to proprietary licensing, distribution, marketing, product analyses, design, and manufacturing; (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

    3.    **Designation.**

        A.    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" shall be also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

        B.    A party may designate a document as Confidential Information only after review of the document by an attorney or a party appearing pro se who has in good faith determined that the document contains Confidential Information as defined in this order.

    4.    **Depositions.**

Unless all parties agree on the record at time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of fourteen days after the conclusion of the deposition.  No later than the fourteenth day after the conclusion of the deposition, a party may serve a Notice of Designation to all parties of record as

29340496v1

to specific portions of the testimony that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information.

     5.    **Protection of Confidential Material.**

         A.    **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

         B.    **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(6).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information;

           1.    **Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

           2.    **Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

           3.    **The Court and its Personnel.**

           4.    **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

           5.    **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

           6.    **Consultants and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

           7.    **Witnesses at Depositions.**  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a

copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

        8.    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be DISCOVERY or ordered.

        C.    **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

        6.    **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

        7.    **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (a) provisionally file the document under seal; (b) file at the same time a public-record version of the document with the Confidential Information excluded; and (c) move the Court for leave to file the Confidential Information under seal. That sealing motion must be filed before or

simultaneously with the provisional filing of the Confidential Information under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential Information has the burden of demonstrating the need for sealing. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

8. **No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    A. **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    B. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.**

Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    A. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    B. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    C. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

29340496v1

14. **Non-Waiver Agreement**.

    A.    If a Party producing documents (the Producing Party) discovers that it has produced Privileged Materials to the Party receiving the documents (the Receiving Party) and does not wish to waive the privilege, the Producing Party will notify the Receiving Party in writing that Privileged Materials, identified by Bates number(s), have been produced, and provide the Receiving Party with a privilege log identifying the Privileged Materials with sufficient specificity to allow the Receiving Party to evaluate the Producing Party's privilege claim(s). Within ten (10) business days of receiving such written notification from the Producing Party, the Receiving Party will:

1. return the production media containing the Privileged Materials;
2. destroy all other electronic or paper copies of the Privileged Materials in its possession or control; and
3. make reasonable efforts to delete the Privileged Materials from any database or other medium in the Receiving Party's possession or control in which the Privileged Materials are electronically stored. Within five (5) business days of the destruction of all copies of the Privileged Materials in its possession or control, the Receiving Party will provide a written certification confirming such destruction to the Producing Party. Within ten (10) business days following the Producing Party's receipt of such written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the Parties, the Receiving Party with a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials.

    B.    If the Receiving Party discovers that it has received one or more Documents from the Producing Party that, in the judgment of the Receiving Party, appear to be Privileged Materials, the Receiving Party promptly will notify the Producing Party in writing that such Documents have been produced, and will identify the Documents by Bates number(s). If the

7

Producing Party notifies the Receiving Party in writing that the Documents are indeed Privileged Materials and that the Producing Party does not wish to waive the privilege, the Receiving Party will take the steps described in Paragraph 1 above regarding the Privileged Materials. Within ten (10) business days following the Producing Party's receipt of the Receiving Party's written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the parties, the Receiving Party with: (a) a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials; and (b) a privilege log identifying the Privileged Materials.

    C. In connection with Documents produced any Party, and consistent with FRE 502(b), the inadvertent disclosure of any Document which is subject to a legitimate claim that the Document should have been withheld as Privileged Material shall not waive any privilege for that Document or for the subject matter of the inadvertently disclosed Document in the present case or any other federal or state proceeding.

    D. The Receiving Party and its agents shall not use, copy, transfer, or distribute any information acquired from the Privileged Materials. If the Receiving Party believes that a Document claimed as privileged is not, in fact, Privileged Material and wishes to use or disclose the Document, prior to taking any such action, the Receiving Party will so notify the Producing Party in writing, setting forth the reasons why the Receiving Party does not consider the Document to be privileged, and requesting the Producing Party's consent prior to using or disclosing the Document. The Producing Party promptly will, in writing, either consent to the Receiving Party's use or disclosure of the Document, or advise the Receiving Party that it disagrees with the Receiving Party (setting forth the reasons for this disagreement) and does not consent to the Receiving Party's use or disclosure of the Privileged Material. If the Producing Party does not consent to the Receiving Party's use or disclosure of the Privileged Material, the Receiving Party, in its sole discretion, may promptly take the necessary steps to permit the Court to conduct in

8

camera review to entertain arguments from the Parties and to decide whether the document is protected from disclosure by the asserted privilege(s) and/or whether such protection has been waived or is otherwise inapplicable. In these limited circumstances, the Receiving Party may segregate and retain a single copy of the Privileged Material, solely for seeking Court determination. The Privileged Material will remain segregated and sealed unless and until the Court authorizes the Privileged Material's use or disclosure, subject to the next sentence. In the event that the Court rules that the Receiving Party may use or disclose the Document claimed as privileged but determined to not be privileged or where the privilege has been deemed waived, the Receiving Party must continue to segregate and seal such Document only if the Producing Party notifies the Receiving Party in writing of its intent to appeal the Court's ruling within ten (10) calendar days of receipt of the ruling. If the Receiving Party elects not to take the necessary steps to permit the Court to entertain arguments with regard to such a Document that the Receiving Party believes is not privileged, as to which the Receiving Party believes privilege has been waived or is otherwise inapplicable, the Receiving Party shall not use or disclose the Privileged Material, and will continue to comply with the provisions of this Agreement.

E. Any Privileged Material inadvertently disclosed by the Producing Party to the Requesting Party shall be and remain the property of the Producing Party.

F. This Agreement is intended to be consistent with FRE 502 and is not to be construed to diminish either Party's rights or obligations as therein described.

15. **Obligations on Conclusion of Litigation.**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

9

29340496v1

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the patties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** By the signatures of counsel below, as duly authorized agents of the respective Parties, this Order shall take effect under the principles of contract to bind all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms, even in the absence of a signature by the Court to this Order.

**The remainder of this page is intentionally blank**

29340496v1

STIPULATED BY:

**CLAUSEN MILLER P.C.**
*Attorneys for Plaintiff*
*Hartford Fire Insurance Company a/s/o*
*TCC Group, Inc.*

By: */s/ Mara Goltsman*
    Mara Goltsman Esquire

Dated: March 19, 2021

**GOLDBERG SEGALLA, LLP**
*Attorneys for Defendant,*
*Broan-NuTone LLC*

By: */s/ Christopher P. Midura*
    Christopher P. Midura, Esquire

Dated: March 19, 2021

**ROBINSON & COLE LLP**
*Attorneys for Plaintiff*
*Hartford Fire Insurance Company*
*a/s/o Smith Affiliates Management Corp. d/b/a*
*Samco Properties*

By: */s/ John H. Kane*
    John H. Kane, Esquire

Dated: March 19, 2021

**SO ORDERED**

Dated: March 22, 2021

Victor Marrero
U.S.D.J.

29340496v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY A/S/O SMITH AFFILIATES MANAGEMENT CORP. D/B/A SAMCO PROPERTIES<br><br>                     Plaintiff(s),<br>v.<br>BROAN-NUTONE, LLC<br><br>                     Defendants.<br><br>HARTFORD FIRE INSURANCE COMPANY A/S/O TCC GROUP, INC<br><br>                     Plaintiff(s),<br>v.<br>BROAN-NUTONE, LLC<br><br>                     Defendants. | 1:20-Civ.01292 (VM)<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

      The undersigned hereby acknowledges that he/she has read the Discovery Confidentiality Order and Stipulated Non-Waiver Agreement (the "Order") dated _____, 2021 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the United States District Court, Southern District of New York, in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Date: _____

Name: _____

Job Title:      _____

Employer:      _____

Business Address:      _____

_____

Signature:      _____